THE STATE EX REL. WILLIAMS, APPELLANT, *v.* COCA-COLA ENTERPRISES, INC. ET AL., APPELLEES.

[Cite as *State ex rel. Williams v. Coca–Cola Ents., Inc.,* 111 Ohio St.3d 491, 2006-Ohio-6112.]

(No. 2005–1945—Submitted September 19, 2006—Decided December 6, 2006.)

---

**Per Curiam.**

{¶ 1} A single issue is presented: Does a claimant's retirement due to nonindustrial health problems constitute an involuntary departure so as to

preserve eligibility for temporary total disability compensation? We hold that it does not.

{¶ 2} Appellant, Charlie L. Williams, injured his left knee in early 2001 while working for appellee Coca–Cola Enterprises, Inc. A meniscal tear was surgically repaired, and he returned to his former position of employment in June 2001.

{¶ 3} In late 2001, Dr. Michael J. Lawley, continued to report weakness and pain in Williams's left knee. On December 27, 2001, and February 6, 2002, Dr. Lawley noted that Williams would "need total knee arthroplasty at a later date."

{¶ 4} In early 2002, Williams was diagnosed with a right leg thrombosis unrelated to his industrial injury. The condition was severe enough to remove him from work on March 1, 2002, and prompted his decision to take a regular length-of-service retirement, effective June 1, 2002. In late April, Williams was diagnosed with a nonindustrial heart condition and had heart bypass surgery shortly thereafter.

{¶ 5} On January 16, 2003, Williams's left knee was replaced, and a second knee surgery followed in February 2004. He eventually sought temporary total disability compensation for the knee injury. Appellee Industrial Commission of Ohio denied compensation after finding that Williams's departure from his former position of employment was unrelated to his industrial injury and hence voluntary. This, in turn, foreclosed temporary total disability compensation.

{¶ 6} Williams filed a complaint in mandamus in the Court of Appeals for Franklin County. The court agreed that Williams had voluntarily retired and thus could not receive temporary total disability compensation. *State ex rel. Williams v. Coca–Cola Ents., Inc.*, Franklin App. No. 04AP–1270, 2005-Ohio-5085, 2005 WL 2364957, ¶ 13.

{¶ 7} This cause is now before this court on an appeal as of right.

{¶ 8} An involuntary retirement does not foreclose temporary total disability compensation. *State ex rel. Rockwell Internatl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 531 N.E.2d 678. But while Williams's retirement may have been involuntary in the sense that it was due to circumstances beyond his control, it lacks the element that would preserve his eligibility for temporary total disability compensation—a causal relationship to his industrial injury. Id. Accordingly, the commission did not abuse its discretion in denying temporary total disability compensation.

{¶ 9} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Casper & Casper and Douglas W. Casper, for appellant.

Jim Petro, Attorney General, and Charissa D. Payer, Assistant Attorney General, for appellee Industrial Commission.

Vorys, Sater, Seymour & Pease, L.L.P., and Rosemary D. Welsh, for appellee Coca–Cola Enterprises, Inc.